UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN JOEL SARMIENTO LOPEZ, (A215-999-336),

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-04041-DC-CKD

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

Petitioner, a citizen of Honduras, entered the United States with his daughter on September 14, 2018, without inspection. ECF No. 13 at 5. After apprehension and brief detention by border officials, Petitioner and his daughter were released from immigration custody. Id. at 6. On September 18, 2023, Petitioner was arrested for driving under the influence and placed on probation. ECF No. 11-1 at 10. After failing to comply with the conditions of probation, Petitioner was arrested again on December 6, 2025, and convicted of reckless driving. Id. at 13-15. On February 8, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner and placed him in removal proceedings. ECF No. 11-1. Removal proceedings are still

pending, and Petitioner remains detained at the California City Immigration Processing Center.

Petitioner filed an application for a writ of habeas corpus on May 27, 2026. ECF No. 1. On July 6, 2026, after the appointment of counsel, Petitioner filed an amended petition claiming that his release into the interior of the U.S. created a protected liberty interest in his continued freedom, that due process required that he be provided with a pre-deprivation hearing before re-detention, and that a post-deprivation hearing cannot cure the due process violation. ECF No. 11. Respondent's position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) because he entered the U.S. unlawfully and is thus an "applicant for admission." ECF No. 13.

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007). The Due Process Clause "protects individuals against two types of government action: violations of substantive due process and procedural due process." United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (internal quotation omitted).

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews, 424 U.S. 319, applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189,

1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

### B. Statutory Immigration Framework

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). 8 U.S.C. § 1225 imposes mandatory detention on certain noncitizens seeking to enter the U.S. at the border. 8 U.S.C. §§ 1225(b)(1)(B)(ii), (b)(2)(A). Section 1226 governs the detention of noncitizens within the United States who have been placed in removal proceedings. A noncitizen detained under § 1226 may be released on bond or conditional parole. 8 U.S.C § 1226 (a)(2).

## III. Analysis

### A. Proper Detention Authority

Respondent's position that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) because he entered the U.S. unlawfully is contrary to recent Ninth Circuit precedent. Noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. July 30, 2026). Because ICE detained Petitioner after he had been present in the U.S. for over seven years, § 1226 governs his current detention.

### B. Due Process

This court has found that noncitizens who, like Petitioner, have been re-detained after an initial release from immigration custody have a protected liberty interest in continued freedom and have applied the Mathews test to determine that due process required a pre-deprivation bond hearing. Singh v. Chestnut, No. 1:26-cv-01400-DC-CSK (HC), 2026 WL 498335 (E.D. Cal. Feb. 23, 2026); Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2,

2025); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026). As the facts of this case are substantially similar, the undersigned adopts the reasoning of the aforementioned cases.

**IV. Recommendations**

Accordingly, IT IS HEREBY RECOMMENDED that

1. Petitioner's application for a writ of habeas corpus be GRANTED;
2. Respondent be ORDERED to immediately RELEASE Petitioner from custody with the same conditions to which Petitioner was subject prior to his detention in February 2026;
   a. At the time of release, Respondent be ordered return all of Petitioner's property and documents;
   b. The Clerk of Court be directed to serve a copy of any release order to California City Immigration Processing Center;
3. Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner at least 7 days' written notice and a pre-detention hearing before a neutral adjudicator where Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or flight risk;
4. The order not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and
5. The Clerk of Court be directed to enter judgment and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have

had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 31, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3 sarm4041.imm.fnr